v.

R.B.D., Respondent-Appellant, and Concerning D.B.D., Minor Child.

No. 83CA0226.

Colorado Court of Appeals, Div. II.

Dec. 29, 1983.

James H. Hiatt, Fort Collins, for respondent-appellant.

No appearance for petitioner-appellee.

VAN CISE, Judge.

M.E.G. (the father) brought this action under the Uniform Parentage Act, § 19–6–

101, et seq., C.R.S.1973, for a court determination that he is the father of the child, D.B.D., whose mother is respondent, R.B.D. He also sought custody, and asked for appropriate support and visitation orders. The mother admitted that M.E.G. is the father, but asked for custody to be awarded to her.

This case was referred to and handled throughout by a juvenile commissioner appointed by the district court pursuant to § 19–1–110(1), C.R.S.1973 (1982 Cum. Supp.). The commissioner conducted several evidentiary hearings and entered "orders" granting custody to the mother, requiring the father to pay $175 monthly child support, and prescribing a detailed visitation schedule for the father. Contending that the commissioner abused his discretion in entering the visitation "order," the mother appeals that "order." We dismiss the appeal.

When this case was assigned to this division for disposition, we noted that all of the "orders" appearing in the record had been signed by the commissioner with the phrase "By the Court," but were not signed by any judge. We, therefore, issued an order to show cause why this appeal should not be dismissed for lack of any judgment or order of the trial court from which an appeal could be taken. The mother then moved for transfer of this case to the Supreme Court for it to decide the question of the constitutionality of § 19–1–110, C.R.S.1973 (1982 Cum.Supp.). This court referred the case to the Supreme Court, and it responded with an order that jurisdiction be retained in the Court of Appeals.

Because of our disposition here we need not address the question of whether the statute is constitutional. Instead we conclude that we must dismiss this appeal for lack of a final appealable judgment, order, or decree. C.A.R. 1.

Section 19–1–110(5), C.R.S.1973 (1982 Cum.Supp.) provides:

"A request for review [of the findings and recommendations of the commission-

er by the juvenile judge] shall be filed within five days after the conclusion of the hearing [before the commissioner] and shall clearly set forth the grounds relied upon. Such review shall be solely upon the record of the hearing before the commissioner and shall be reviewable upon the grounds set forth in rule 59 of the Colorado rules of civil procedure. If review is not requested, the findings and recommendations of the commissioner shall become the decree of the court."

The commissioner's "order" on the visitation issue was announced from the bench on November 5, but the written order was not signed until December 3, 1982. Therefore, the mother's "motion for new trial or to alter or amend judgment," filed on November 19, was not untimely, *People in Interest of M.C.L.*, 671 P.2d 1339 (Colo. App.1983), if it was a "request for review" under § 19–1–110(5). However, in her brief in response to the order to show cause, the mother states that her motion "was not a request for review pursuant to C.R.S. 19–1–110 ... It sought a new trial, or to alter or amend the judgment, under C.R.C.P. 59...." The motion was, therefore, directed to and denied by the commissioner, and review by a judge was never sought.

The statute calls for an initial decision by the commissioner, with the right of appeal to the judge. There is nothing in the statute providing for a motion for new trial or rehearing directed to the commissioner, and we will not judicially legislate such a provision. The remedy of review by the juvenile judge is a prerequisite to any further appeal. *See North Washington Street Water & Sanitation District v. Emerson*, 626 P.2d 1152 (Colo.App.1980). *See also Downey v. Department of Revenue*, 653 P.2d 72 (Colo.App.1982).

The stay order entered by this court May 18, 1983, is vacated and the appeal is dismissed.

SMITH and KELLY, JJ., concur.