**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of K.L–P., a Child,**

and

**Concerning D.J.P., Respondent–Appellant.**

**No. 05CA0766.**

Colorado Court of Appeals, Div. III.

Sept. 21, 2006.

No Appearance for Petitioner–Appellee.

Rocky Mountain Children's Law Center, Jason D. Carrithers, Denver, Colorado, Guardian Ad Litem.

Graham B. Peper, Denver, Colorado, for Respondent–Appellant.

Opinion by Judge TAUBMAN.

In this dependency and neglect proceeding, D.J.P. (father) appeals from a district court judgment affirming the magistrate's order allocating parental responsibilities of his child, K.L–P., to her maternal aunt. Father contends that the magistrate erred in finding that he failed to establish good cause to continue the hearing on allocation of parental responsibilities. Because the issue raised on appeal was not presented to the district court reviewing the magistrate's order, we conclude it was not properly preserved for review and we do not address it.

■ A petition for district court review of a magistrate's order is a prerequisite to an appeal. Section 19–1–108(5), C.R.S.2005; *see C.S. v. People*, 83 P.3d 627 (Colo.2004); *M.E.G. v. R.B.D.*, 676 P.2d 1250 (Colo.App. 1983). Additionally, § 19–1–108(5) provides that in dependency and neglect proceedings under the Children's Code, a request for review shall be filed within five days "after the parties have received notice of the magistrate's ruling and shall clearly set forth the grounds relied upon." The statute continues, "Such review shall be solely upon the record of the hearing before the magistrate and shall be reviewable upon the grounds set forth in rule 59 of the Colorado rules of civil procedure."

■ Further, the primary purpose of a motion to amend judgment or for new trial under C.R.C.P. 59 is to give the court an opportunity to correct any errors that it may have made. *See In re Marriage of Jones*, 668 P.2d 980 (Colo.App.1983).

C.R.M. 7(a)(7) provides that "[a] petition for review shall state with particularity the alleged errors in the magistrate's order or judgment and may be accompanied by a memorandum brief discussing the authorities relied upon to support the petition."

Taken together, these provisions require that a party present an issue to the district court in a petition for review before that issue may be raised in the court of appeals.

■ We conclude that, for the same reason, a party seeking review of a magistrate's decision must raise a particular issue in the district court so that the district court may have an opportunity to correct any error that may have been made by the magistrate. If a party does not raise an issue before the district court in a petition for review, but raises the issue on appeal for the first time, such party seeks to have this court correct an error that could have been corrected by the district court in a petition for review. If the district court had an opportunity to correct such an error, then an appeal might not have been necessary.

■ This conclusion is in accord with the general rule that arguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on appeal. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718 (Colo. 1992); *People in Interest of V.W.*, 958 P.2d 1132 (Colo.App.1998)(rule applied in dependency and neglect case).

Here, father's petition for district court review did not assert that the magistrate erred in denying his motion to continue; instead, it challenged the sufficiency of the evidence supporting the magistrate's allocation of parental responsibilities to the maternal aunt. Because the issue was not presented on judicial review to the district court judge, it is not properly before us on appeal. *See* § 19–1–108(5); *C.S. v. People, supra; M.E.G. v. R.B.D., supra.*

Finally, we note that a response to the petition on appeal has been filed on behalf of K.L–P. and C.J.H. Because C.J.H. is not father's child, he is not included in the caption and is not properly part of this appeal.

The judgment is affirmed.

Judge RUSSEL and Judge FURMAN concur.