23CA1518 Marriage of Weathers 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1518 Mesa County District Court No. 21DR210 Honorable Gretchen B. Larson, Judge In re the Marriage of Elizabeth Eileen Weathers, n/k/a Elizabeth Eileen Kruger, Appellee, and Dusten Ray Weathers, Appellant. ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS Division III Opinion by JUDGE YUN Dunn and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Elizabeth Eileen Weathers, n/k/a Elizabeth Eileen Kruger, Pro Se Knies, Helland & McPherson Law, Kelly J. McPherson, Colorado Springs, Colorado, for Appellant 
1 ¶ 1 In this post-dissolution of marriage proceeding involving Dusten Ray Weathers (father) and Elizabeth Eileen Weathers, now known as Elizabeth Eileen Kruger (mother), father appeals the district court’s affirmance of a magistrate’s parenting time restriction order. The order suspended all parenting time between father and his three children while he attended individual therapy and provided for a graduated parenting plan moving forward. He contends that the court (1) unreasonably limited his parenting time and (2) impermissibly delegated parenting time decisions. Because we agree that the delegation of parenting time decisions was improper, we reverse the order and remand the case to the district court for further proceedings. I. Background ¶ 2 In 2017, a court in Alabama dissolved the parties’ marriage. Under a settlement agreement, mother had primary physical custody of the parties’ three children and the parties agreed that mother and the children would move to Colorado at the end of the school year. Father exercised parenting time at his home on the east coast during alternating spring breaks and holidays and each summer. 
2 ¶ 3 In 2021, mother moved to restrict father’s parenting time, asserting that the children were experiencing extreme anxiety about visiting father for the summer based on experiences they had while in his custody. The district court denied mother’s motion, finding no imminent emotional danger to the children if father had parenting time. However, it noted that the older children were credible in their account about a 2019 incident where father lost emotional control and found that the parenting plan may not be in the children’s best interests until father was better able to meet the children’s needs. ¶ 4 Mother then moved to modify parenting time. The district court appointed a child family investigator (CFI) under section 14-10-116.5, C.R.S. 2023. In the meantime, father relocated to Colorado and the parties agreed to a graduated parenting plan over the course of three months, culminating in 50-50 parenting time. About a week before the scheduled hearing on mother’s motion to modify parenting time, she again moved to restrict father’s parenting time, alleging that the children were experiencing panic attacks and suicidal ideation at the thought of returning to father’s care. The court granted the motion to restrict on an emergency 
3 basis. After a three-day hearing, a magistrate granted mother’s motion to modify and restrict parenting time and entered her proposed parenting plan, modeled closely on the CFI’s recommendations, which stopped visits for a time and provided for gradual increases of parenting time as certain milestones were met. ¶ 5 Specifically, the parenting plan required that father engage in mental health treatment weekly for a minimum of six months before the commencement of any parenting time or contact with the children. Following the completion of six months of individual therapy, the parenting plan required “therapeutic parenting time/family therapy” with all three children for a minimum of three months. Then, father could resume parenting time in five gradual “phases” starting with one mid-week evening visit every other week and culminating in a week-on/week-off, equal parenting time arrangement. The plan required that mother and father agree to move to the next phase after consultation with father’s individual 
4 therapist,
1 the children’s individual therapist, and a family therapist. ¶ 6 Further, the parenting plan provided that the oldest child, who was fifteen at the time of the order, should not be expected to progress past Phase 2, which allowed for one mid-week visit per month and one weekend visit per month. And it allowed the oldest child to “decide for herself how much, if any, involvement she wants” with father after she turns sixteen. Similarly, the parenting plan provided that the middle child, who was nearly thirteen at the time of the order, should not be pushed to advance past Phase 4, which allowed extended weekend visits with father every other week. And, once she reached sixteen, she could decide to reduce time with father to Phase 3, which allowed for weekend visits every other week. ¶ 7 Father petitioned the district court for review of the magistrate’s decision. The district court affirmed the magistrate’s order. 1 The CFI recommended that father engage in individual therapy with a clinician who specializes in “[domestic violence], child abuse, empathy training and emotional regulation.” 
5 II. Law and Standard of Review ¶ 8 Reasonable parenting time is mandated, and parenting time rights may not be unduly restricted unless the district court finds that exercising these rights would endanger the children’s physical health or significantly impair their emotional development. See § 14-10-124(1.5)(a), C.R.S. 2023; see also § 14-10-129(1)(b)(I), C.R.S. 2023; In re Marriage of Martin, 42 P.3d 75, 77 (Colo. App. 2002). And “in any order imposing or continuing a parenting time restriction, the court shall enumerate the specific factual findings supporting the restriction . . . .” § 14-10-124(1.5)(a); see § 14-10-129(1)((b)(I). ¶ 9 Further, the parental responsibilities statutes “require[] that the trial court itself make decisions regarding parenting time, and [the court] may not delegate this function..” In re D.R.V-A., 976 P.2d 881, 884 (Colo. App. 1999) (reversing delegation to guardian ad litem and family therapist); see § 14-10-124(1.5)(a); see also In re Marriage of Elmer, 936 P.2d 617, 621 (Colo. App. 1997) (concluding that a court has no authority to delegate to the child’s psychiatrist the decision when overnight parenting time visits can occur); In re Marriage of Hatton, 160 P.3d 326, 334 (Colo. App. 
6 2007) (reversing order delegating to a parent decisions regarding the other parent’s parenting time). ¶ 10 Our review of a district court’s order adopting a magistrate’s decision is effectively a second layer of appellate review. In re Marriage of Sheehan, 2022 COA 29, ¶ 22. The determination of parenting time is a matter within the district court’s sound discretion, taking into consideration the children’s best interests and the policy of encouraging the parent-child relationship. Hatton, 160 P.3d at 330. A district court abuses its discretion when it acts in a manifestly arbitrary, unfair, or unreasonable manner. Id. III. Restricting Father’s Parenting Time ¶ 11 Father first argues that the magistrate abused its discretion by restricting his parenting time. He asserts that ample evidence established that his parenting time did not significantly impair the children’s emotional development. Because this issue is not properly preserved, we may not consider it for the first time on appeal. ¶ 12 A party appealing from a magistrate’s order must present a particular issue in his petition for review in the district court and give that court an opportunity to correct any error before the issue 
7 may be raised on appeal. People in Interest of K.L-P., 148 P.3d 402, 403 (Colo. App. 2006); see also C.R.M. 7(a)(7) (a petition for review shall state with particularity the alleged errors in the magistrate’s order). ¶ 13 Father’s petition for review raised only one issue — whether the magistrate improperly delegated parenting time decisions to mother, the children’s therapist, and the children themselves. He did not challenge the magistrate’s finding that parenting time with him impaired the children’s emotional development or argue that the magistrate abused his discretion by reducing his parenting time. Accordingly, we cannot review this contention on appeal. See Estate of Stevenson v. Hollywood Bar & Café, Inc., 832 P.2d 718 (Colo. 1992) (arguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on appeal). IV. Delegating Parenting Time Decisions ¶ 14 Father also argues that the magistrate’s order impermissibly delegated parenting time decisions to the children’s therapist, mother, and the children themselves. Although the parenting order requires only consultation with the therapists for father, the children, and the family — not their agreement — the parenting 
8 time order must be reversed because it improperly delegates parenting time decisions to mother and, in certain circumstances, to the children themselves. See In re Parental Responsibilities Concerning B.J., 242 P.3d 1128, 1133 (Colo. 2010) (“Only the court has the authority to allocate parenting time . . . .”). ¶ 15 Mother argues on appeal that the delegation was permissible because nothing in the record indicated that she would unreasonably withhold her permission to move on to the next phase. The district court also noted that the record did not support an assumption that mother would never agree to move from one phase to another. While that may be true, mother provides no authority, nor are we aware of any, that permits the court to delegate parenting time decisions to another parent even if that parent appears reasonable. ¶ 16 Nor are we convinced by mother’s argument that the court was required to delegate decision making to the children because it had to consider their wishes under the best interests standard of section 14-10-124(1.5)(a)(II). We agree that the children’s wishes — if the children are sufficiently mature to express reasoned and independent preferences — are a factor for the court to consider. 
9 But nothing allows, let alone requires, a court to acquiesce to a child’s preference to discontinue or reduce parenting time entirely. ¶ 17 We acknowledge the dilemma that the court faces if the children are unwilling to participate in parenting time with father. However, the court must craft a parenting time order that does not delegate the parenting time decisions to mother or the children. See Hatton, 160 P.3d at 333-34. The court must consider alternatives, other than giving the children discretion to refuse or reduce parenting time, that will preserve parenting time rights for father while also recognizing that the children are approaching adulthood. See id. ¶ 18 Because it may occur again on remand, we also consider father’s challenge to the parenting time provision that states that, “[t]o eliminate any concerns about emotional safety, no child should begin a new parenting phase without at least one other sibling present in Phases 1-3.” Father argues that this provision unreasonably restricts his parenting time with the youngest child, who did not have the same anxiety and negative reaction to parenting time with father. We agree that the order does not sufficiently explain why this provision was necessary to ensure the 
10 emotional safety of all the children and, on remand, this provision should be reconsidered. If it is retained, the court must make specific findings supported by the record explaining why. ¶ 19 Accordingly, we remand the matter to the district court for further proceedings. On remand, the court should give the parties an opportunity to present any new evidence concerning the current circumstances of the parties and the children. See In re Parental Responsibilities Concerning B.R.D., 2012 COA 63, ¶ 43. V. Disposition ¶ 20 The order is reversed and the case remanded for further proceedings. JUDGE DUNN and JUDGE MOULTRIE concur.