24CA0170 Marriage of Webb 02-27-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0170
Douglas County District Court No. 20DR30037
Honorable Robert Lung, Judge

In re the Marriage of

James Erwin Webb,

Appellee,

and

Laura Lynn Webb,

Appellant.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE JOHNSON
Lipinsky and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 27, 2025

Fuller & Ahern, P.C., Brian M. Close, Parker, Colorado, for Appellee

Van Horn Family Law, PC, William Van Horn, Bethany A. Harrel, Littleton, Colorado, for Appellant

¶ 1     Respondent, Laura Lynn Webb (mother), appeals the district court's order affirming the magistrate's ruling that modified the amount of maintenance she receives from petitioner, James Erwin Webb (father).  On appeal, mother contends that the district court erred by (1) accepting father's untimely financial disclosures; (2) concluding she voluntarily agreed to a change of parenting time; and (3) recalculating the amount of maintenance.  And mother and father each request an award of their appellate attorney fees.

¶ 2     We conclude that the district court did not err and affirm the order.  We deny father's request for appellate attorney fees but remand the case to the district court for a determination of the parties' respective financial resources and whether mother is entitled to an award of her reasonable appellate attorney fees under section 14-10-119, C.R.S. 2024.

## I.     Background

¶ 3     In January 2020, father filed a petition for legal separation from mother.  The parties had four children, but only one child was a minor during the relevant period of this appeal.  The parents

agreed to a parenting plan granting mother the majority of time with the minor child.

¶ 4    The court entered permanent orders in November 2021. As relevant to this appeal, father was ordered to pay maintenance and child support to mother. In August 2022, mother filed a motion for a contempt citation, alleging that father was not paying the requisite amount of maintenance and child support. In October 2022, father filed a motion to modify his maintenance and child support obligations.

¶ 5    On May 15, 2023, the magistrate held a hearing on the parties' motions. The magistrate found father in contempt. The magistrate also determined that father's circumstances had sufficiently changed to warrant modification of his maintenance and child support obligations and calculated new amounts for both based on four distinct time periods. The magistrate's modification determination was, in part, based on the change in parenting time with the then-minor child spending the majority of time with father instead of mother. Mother filed a petition for district court review of the magistrate's order.

¶ 6     The district court affirmed the magistrate's ruling as to maintenance and child support but corrected the magistrate's calculations for the four time periods.  Based on the new calculations, the district court reversed the magistrate's finding of contempt against father, determining that father had overpaid on his maintenance and child support obligations.

¶ 7     Mother filed a motion for reconsideration with the district court, but she also filed a notice of appeal before the district court issued its order denying reconsideration.[1]

## II.     Preservation

¶ 8     Father contends that mother failed to preserve her contentions that the magistrate erred by (1) accepting father's untimely financial disclosures and (2) determining mother had voluntarily agreed to a change of parenting time.  We agree that mother did not preserve these two issues because she did not address them in the petition for review.

---

[1] Mother makes no arguments on appeal relating to child support or contempt; therefore, we deem these issues abandoned.  *Gandy v. Williams*, 2019 COA 118, ¶ 38 n.4.

¶ 9    Unless otherwise provided by statute, C.R.M. 7 "is the exclusive method to obtain review of a district court magistrate's order or judgment issued in a proceeding in which consent of the parties is not necessary." C.R.M. 7(a)(1); *see People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo. App. 2006) ("A petition for district court review of a magistrate's order is a prerequisite to an appeal."). "A petition for review shall *state with particularity* the alleged errors in the magistrate's order or judgment . . . ." C.R.M. 7(a)(7) (emphasis added).

¶ 10    "[A] party seeking review of a magistrate's decision must raise a particular issue in the district court so that the district court may have an opportunity to correct any error that may have been made by the magistrate." *K.L-P.*, 148 P.3d at 403. "[A]rguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on appeal." *Id.*

¶ 11    Mother contends that she preserved the issues in her petition and during closing argument at the May 15 hearing.[2] Not so. In

---

[2] Because closing argument is not evidence, we do not deem this sufficient to preserve an issue. *Acierno v. Garyfallou*, 2016 COA 91, ¶ 32.

the petition for review, mother raised three issues: whether the magistrate erred by (1) failing "to take [m]other's devastating financial situation and the disparity in incomes and standards of living into account when determining whether father met his high burden to modify maintenance pursuant to CRS 14-10-122"; (2) failing to consider "the substantial funds [father] . . . receive[d] from his FERS account of $1,916 per month and from PERS of $1,900 per month";[3] and (3) failing to deviate from the child support guidelines to avoid an unfair and inequitable child support award.[4]

¶ 12    On appeal, mother argues that she preserved her first issue by asserting in the petition that "[f]ather failed to timely file updated financial disclosures" and "[f]ather's Motion to Modify Maintenance should have been denied on that basis alone." Mother did not seek a ruling from the magistrate or district court regarding this issue. And mother did not below or on appeal cite any court rule, statute,

---

[3] FERS and PERS refers to father's retirement accounts with the Federal Employees Retirement System and Oregon Public Employees Retirement System, respectively.
[4] The district court determined that the third issue mother raised in her petition was not properly preserved and declined to address it. Nor does mother reassert this argument in this appeal, so we also deem it abandoned. *Gandy*, ¶ 38 n.4.

or case law to support her position; therefore, we consider this argument underdeveloped and decline to address it. *See In re Marriage of Zander*, 2019 COA 149, ¶ 27, *aff'd*, 2021 CO 12.

¶ 13 As to mother's second contention — that she did not voluntarily agree to a change in parenting time — she likewise failed to raise it in her petition, but she addressed it for the first time in her motion to reconsider. Generally, we do not address arguments raised for the first time in a motion to reconsider. *Lorenzen v. Pinnacol Assurance*, 2019 COA 54, ¶ 18 n.3 (district and appellate courts are not obligated to consider new arguments raised in a motion to reconsider).

¶ 14 Although the district court issued an order denying the motion to reconsider, it did so after mother had already filed a notice of appeal in this court. The filing of the notice of appeal "remove[d] jurisdiction from the lower court to decide matters involved in the appeal, and confer[red] jurisdiction of the case on the appellate court." *Colo. State Bd. of Med. Exam'rs v. Lopez-Samayoa*, 887 P.2d 8, 14 (Colo. 1994). Therefore, even if we were to consider mother's belatedly raised argument, we could not consider the court's order

because the court lacked jurisdiction to rule on mother's motion to reconsider.

¶ 15 Because mother failed to preserve these two contentions, we decline to address them further. *K.L-P.*, 148 P.3d at 403.

### III. Maintenance

¶ 16 Mother contends the district court erred by affirming the magistrate's order that (1) found the original maintenance award was unconscionable and (2) recalculated the maintenance amount based on father's alleged decrease in income and mother's alleged increase in income. We discern no error.

### A. Standard of Review and Applicable Law

¶ 17 "A modification of maintenance requires a showing of changed circumstances so substantial and continuing as to make the existing terms unfair." *In re Marriage of Kann*, 2017 COA 94, ¶ 73; § 14-10-122, C.R.S. 2024. "Whether circumstances have sufficiently changed lies within the sound discretion of the trial court based on the facts presented." *Kann*, ¶ 75. "Absent an abuse of that discretion, we will not disturb the court's ruling." *Id.* A district court abuses its discretion if its decision is manifestly

arbitrary, unreasonable, or unfair, or if the court misapplies the law. *In re Marriage of Young*, 2021 COA 96, ¶ 7.

¶ 18    In reviewing a maintenance order, "[a] district court must defer to a magistrate's factual findings unless they are clearly erroneous." *Id.* at ¶ 8. "A court's factual finding is clearly erroneous if there is no support for it in the record." *Id.* And the district court "must construe the evidence in the light most favorable to the prevailing party." *Kann,* ¶ 75 (citations omitted).

¶ 19    We review the district court's application of the law de novo. *In re Marriage of Pawelec*, 2024 COA 107, ¶ 55.

¶ 20    When reviewing a court's modification of maintenance, an appellate court is not concerned with whether, based on the parties' current financial circumstances, we would have awarded the same amount as originally awarded; rather, we analyze "whether the terms of the initial award have become unfair." *Young,* ¶ 16. A court must consider all relevant circumstances of both parties to determine whether to modify maintenance. *Id.* at ¶ 37.

¶ 21    "The party seeking a modification has a heavy burden of proving that the provisions have become unfair under all relevant circumstances." *Kann,* ¶ 74.

## B. Analysis

¶ 22   The standard to modify an existing maintenance award differs from the standard applied to an initial award of maintenance. *Young*, ¶ 16. The threshold question is whether the terms of the maintenance award have become "unfair." *Id.* at ¶ 12 (quoting § 14-10-122(1)(a)). While the district court may consider the factors in section 14-10-114(3), C.R.S. 2024 — the statute governing the amount of the initial maintenance award — it is not required to address all the factors.[5] *Young*, ¶ 17.

---

[5] Before granting an award of maintenance, section 14-10-114(3)(a)(I), C.R.S. 2024, requires the court to consider (1) each party's gross income; (2) the marital property apportioned to each party; (3) the financial resources of each party; (4) the requesting party's reasonable financial needs as established during the marriage; and (5) whether maintenance awarded pursuant to this section would be deductible for federal income purposes by the payor and taxable income to the recipient. § 14-10-122, C.R.S. 2024.

¶ 23    Mother contends that the magistrate improperly relied "almost entirely on [her] increase in income" to modify maintenance.[6]  We disagree.

¶ 24    Based upon the parties' respective financial situations at the time of the May 15 hearing, the district court affirmed the magistrate's finding that "there [was] a substantial and continuing change as to make the maintenance obligation unconscionable at this time," determining that the magistrate's findings sufficiently supported her decision.

¶ 25    In reaching her conclusion to decrease maintenance by approximately $2,000 a month, the magistrate considered multiple factors concerning the parties' financial circumstances. Specifically, the magistrate considered (1) mother's living condition, including her downsized living arrangement; (2) father's living situation; (3) the parties' debts; (4) the parties' expenses; (5) father's depletion of his Thrift Savings Plan for living expenses; (6) father's

---

[6] Mother did not preserve in the petition her argument that the district court also erred because the evidence presented concerning father's financial situation was "inconsistent, sparse, and confusing" and indicated father's income had not decreased.  Thus, we decline to address it.  *People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo. App. 2006).

10

forced retirement; (7) mother's increase in income; and (8) father's decrease in income. The record supports the magistrate's findings.

¶ 26 Father testified that he was forced to retire from his manager position at the National Renaissance Organization in January 2022. Despite what he believed to be assurances before he retired that he could come back to work on a contract basis, his former company never extended a contract to him. About five months later, he was able to secure contract work with the federal government. But during the five months he was unemployed, he accumulated credit card debt and depleted the funds in his Thrift Savings Plan for living expenses.

¶ 27 The magistrate also considered that mother could not afford rent and was living with a friend. The magistrate looked at mother's increased monthly income from $3,802 to $4,633. But the magistrate also took into consideration mother's monthly income with her debt of $18,000. And the magistrate compared father's decreased monthly income of $12,077 with his monthly expenses of $8,486.67. In addition, the magistrate noted father's $55,000 of debt and his depleted Thrift Savings Plan.

¶ 28    Therefore, based on our review of the record, we conclude that the magistrate did not modify maintenance based solely or "almost entirely" on mother's increased income.  *See In re Marriage of Tooker*, 2019 COA 83, ¶ 36 (the district court did not abuse its discretion to modify maintenance when it considered husband's retirement, enrollment as a full-time student, and decreased income while wife's income had remained stable).

¶ 29    Finally, mother contends that the district court erred by not including $3,816 from two of father's retirement accounts in calculating his income.[7]  We discern no error, as the magistrate and district court included these accounts when calculating father's current income.

¶ 30    In father's most recent sworn financial statement, he stated that he was receiving $2,858 each month from his pension and retirement accounts.  The magistrate determined that father's income at the time of the hearing was $9,219 per month.  The magistrate then added father's income ($9,219) with the income

---

[7] In mother's briefing, she stated the amount was $3,806.  We assume she meant $3,816, which was the amount she identified in the petition for review.

from his pension and retirement accounts ($2,858) to arrive at a total income of $12,077, which was the amount the magistrate used to determine whether to modify maintenance. Mother does not explain how she obtained, nor does she cite the portion of the record showing, a $3,816 figure for the income father received from his retirement accounts. *See Stieben v. Korby*, 533 P.2d 530, 531 (Colo. App. 1975) (not published pursuant to C.A.R. 35(f)) ("It is not the duty of the reviewing court to search the record for evidence to support bald assertions and then to search for supporting authority."); *Pastrana v. Hudock*, 140 P.3d 188, 189 (Colo. App. 2006) ("[W]e will not search the record for evidence to support allegations of error.").

¶ 31    Thus, we determine the magistrate and district court did not abuse their discretion when computing father's income.

## IV.    Appellate Attorney Fees

¶ 32    Both parties request an award of appellate attorney fees. Mother argues she is entitled to appellate attorney fees under section 14-10-119, which authorizes a court to award attorney fees

"after considering the financial resources of both parties."[8]  In support, mother states that father has a substantially greater income and financial position than she does.

¶ 33    The district court is better equipped than we are to determine the factual issues regarding the parties' current financial resources. *See In re Marriage of Nevedrova*, 2024 COA 112, ¶ 18.  Thus, we remand the case to the district court to determine the parties' respective financial resources and whether mother is entitled to an award of her reasonable appellate attorney fees under section 14-10-119.

¶ 34    Regarding father's request, he argues that he is entitled to appellate attorney fees pursuant to C.A.R. 39.1 and section 13-17-102, C.R.S. 2024.

¶ 35    A party on appeal may seek appellate attorney fees under section 13-17-102(2) and must demonstrate that the appeal "lacked substantial justification." *Id.*  An appeal lacks substantial

---

[8] Mother also contends that she is entitled to attorney fees under C.A.R. 35, but she fails to state the legal or factual basis for her request.  Regardless, Rule 35 does not address the award of appellate attorney fees.  Thus, we decline to address this argument. *See In re Marriage of Zander*, 2019 COA 149, ¶ 27, *aff'd*, 2021 CO 12.

justification if it is "substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-102(9)(a). Section 13-17-102 aims to "penalize[e] egregious conduct without deterring a lawyer from vigorously asserting his client's rights." *Mission Denver Co. v. Pierson*, 674 P.2d 363, 365 (Colo. 1984). We will only award attorney fees "in clear and unequivocal cases when the appellant presents no rational argument, or the appeal is prosecuted for the purpose of harassment or delay." *In re Marriage of Boettcher*, 2018 COA 34, ¶ 38, *aff'd*, 2019 CO 81.

¶ 36 Father cites the district court's second order, in which it found that mother's motion for reconsideration, which contained one of her arguments that she did not voluntarily agree to a change in parenting time, was "frivolous," "vexatious," and "lacked any factual basis." But as explained above, the district court lacked jurisdiction to decide matters related to this case once mother filed her notice of appeal. *See Lopez-Samayoa*, 887 P.2d at 14. Thus, we are not bound by the district court's findings.

¶ 37 And while mother did not preserve some of her arguments, we do not consider her appeal to be "so lacking in merit that [it is] substantially frivolous, groundless, or vexatious." *In re Marriage of*

15

*O'Connor*, 2023 COA 35, ¶ 45.  We therefore deny father's request for appellate attorney fees.

## V.    Conclusion

¶ 38    The order is affirmed.  We remand the case to the district court to determine the parties' respective financial resources and whether mother is entitled to an award of her reasonable appellate attorney fees under section 14-10-119.

JUDGE LIPINSKY and JUDGE MOULTRIE concur.