24CA1738 Marriage of Nikmanesh 10-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1738
Boulder County District Court No. 93DR313
Honorable Andrew Hartman, Judge

In re the Marriage of

Elizabeth M. Nikmanesh,

Appellant,

and

Khalil N. Nikmanesh,

Appellee.

ORDER AFFIRMED

Division V
Opinion by JUDGE GROVE
Welling and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

Alison Suthers, Denver, Colorado; Cody Jeff, Denver, Colorado for Appellant,

Khalil N. Nikmanesh, Pro Se

¶ 1    In this post-dissolution of marriage proceeding, Elizabeth M. Nikmanesh (wife) appeals the district court's order barring her claim against Khalil N. Nikmanesh (husband) for unpaid spousal maintenance. Because wife has not preserved her claims, we cannot address them.

## I.    Background

¶ 2    In 1995, the district court ordered husband to pay wife $1,400 per month in maintenance as part of its permanent orders. The order did not specify an end date for the maintenance payments. Husband stopped making payments in 2013. Eleven years after husband made his last maintenance payment, wife filed a motion asserting husband owed her $184,000 in arrears with accrued interest of $111,977. A magistrate determined, sua sponte, that laches may bar wife's claim and, citing *Robbins v. People*, 107 P.3d 384, 387 (Colo. 2005), provided wife with an opportunity to "explain the delay and rebut the claim of prejudice."

¶ 3    Wife filed a supplement to her motion explaining that the delay was (1) caused by her fear of husband's retaliation, along with her "moderate traumatic brain injury" and PTSD; and (2) because her children had misinformed her that husband had lost his job and

could no longer afford payments. She claimed that, without the arrears, she was in debt and could not afford necessary medical services.

¶ 4    After reviewing wife's supplement, the magistrate denied wife's motion because "she ha[d] not met her obligation to show cause why she did not seek repayment in a timely manner or to show that her request would not prejudice [husband]." The magistrate ultimately denied wife's motion and concluded that both parties "reasonably expected" maintenance to end in 2013.

¶ 5    Wife petitioned for district court review, arguing that several of the magistrate's factual findings and legal conclusions were erroneous. The district court denied her petition.

## II.    Wife's Claims

### A.    Standard of Review and Legal Framework

¶ 6    A district court reviewing a magistrate's decision under C.R.M. 7(a) may not alter the magistrate's factual findings unless they are clearly erroneous. C.R.M. 7(a)(9). Our review of the district court's decision is effectively a second layer of appellate review. *In re Marriage of Thorburn*, 2022 COA 80, ¶ 25. Thus, like the district court, we must accept the magistrate's findings of fact

unless they are clearly erroneous and have no support in the record. *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22. However, we review de novo questions of law, including whether the court properly applied the correct legal standard or construed a statute. *Thorburn*, ¶ 26.

¶ 7     Laches is an equitable doctrine that may afford a party relief from accrued support arrearages and interest. *In re Marriage of Kann*, 2017 COA 94, ¶¶ 20, 36. A laches defense comprises three elements: (1) full knowledge of the facts by the party against whom the defense is asserted; (2) unreasonable delay by that party in pursuing an available remedy; and (3) intervening reliance by and prejudice to the party asserting the defense. *Id.* at ¶ 40.

## B.     Preservation

¶ 8     We begin by addressing preservation. In her opening brief to us, wife asserts that each of the issues she advances on appeal "was preserved in the [magistrate's] order applying laches." We disagree.

## 1.     Relevant Law

¶ 9     To preserve an issue for our review, a party appealing from a magistrate's decision must raise the issue in a petition for review to

the district court, giving the district court an opportunity to correct any error the magistrate may have made. *See* C.R.M. 7(a)(7) (petition for review must state with particularity the alleged errors in the magistrate's order). Failure to raise an issue in a petition for review to the district court bars subsequent appellate review. *See In re Marriage of Ensminger*, 209 P.3d 1163, 1167 (Colo. App. 2008) (declining to address an argument that the party did not assert in her petition for review, instead raising it for the first time on appeal); *People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo. App. 2006) (declining to review an issue in a dependency and neglect proceeding when father failed to raise the issue in his petition for district court review of the magistrate's judgment).

## 2.    Analysis

¶ 10    In her petition for district court review, wife did not make any of the arguments she asserts on appeal. He first argument to us is that that the magistrate erred by invoking the laches doctrine and relying on the division's decision in *Kann* in doing so. According to wife's opening brief in this court, the *Kann* division misinterpreted earlier precedent. However, the record shows that wife did not raise this argument to the district court in her petition for district court

4

review.  *See* C.R.M. 7(a)(7).  Consequently, because this issue is unpreserved, we decline to address it.  *See K.L-P.*, 148 P.3d at 403.

¶ 11     Wife's second argument on appeal to us is that the magistrate improperly shifted the burden of proof for the laches defense to her when it ordered her, pursuant to the holding in *Robbins*, to rebut the claim of prejudice.  But wife presented a different argument to district court — namely, that the magistrate erred in concluding that she had not *adequately shown* her request would not prejudice husband.  Wife made no argument in her petition for review that the holding in *Robbins* should not apply, nor did she assert that the magistrate had improperly shifted the burden of proof for prejudice to her.  This issue, therefore, is not preserved for our review, either.  Accordingly, we decline to address it further.  *See id.*

¶ 12     Third, wife contends on appeal that the magistrate "failed to make the necessary findings" to conclude that laches barred her claim.  But wife never challenged the adequacy of the magistrate's findings regarding the laches defense in her petition for review.  Accordingly, we will not address it.  *Id.*

¶ 13     Finally, wife's claim on appeal that laches "does not terminate an ongoing maintenance order" is underdeveloped.  We therefore

decline to address it.  *See Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007).

¶ 14    Because none of the arguments made to us were either preserved in her petition for review or, as to the fourth argument, adequately developed, we must affirm the district court's order adopting the magistrate's order.

### III.   Disposition

¶ 15    The order is affirmed.

JUDGE WELLING and JUDGE JOHNSON concur.