25CA1753 Peo in Interest of BM 02-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1753
Fremont County District Court No. 24JV30041
Honorable Donalea M. Warren, Magistrate
Honorable Kaitlin B. Turner, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of B.M., a Child,

and Concerning A.M.,

Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE TAUBMAN*
Tow and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

---

Eric Bellas, County Attorney, Sean Biddle, Assistant County Attorney, Canon City, Colorado, for Appellee

Jenna L. Mazzucca, Guardian Ad Litem

Just Law Group, LLC, John F. Poor, Denver, Colorado, for Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    A.M. (mother) appeals the judgment terminating her parent-child legal relationship with B.M. (the child). We affirm.

## I.    Background

¶ 2    In June 2024, the Fremont County Department of Human Services opened an investigation based on concerns that mother had used illicit substances during her pregnancy. About one month later, police arrested mother after an altercation with the child's father. The Department assumed temporary custody of the child and filed a petition in dependency or neglect.

¶ 3    Mother admitted the allegations in the petition, and the juvenile court adjudicated the child dependent or neglected. After a dispositional hearing, the court adopted a treatment plan for mother that required, among other things, that she address her substance abuse and mental health issues.

¶ 4    In April 2025, the Department moved to terminate mother's parental rights. A magistrate held an evidentiary hearing in June 2025. After hearing the evidence, the magistrate terminated the parent-child legal relationship between mother and the child. Mother then petitioned the juvenile court for review of the

magistrate's order. The juvenile court determined that the magistrate had not erred and adopted the magistrate's order.

## II. Discussion

¶ 5 Mother asserts that her due process rights were violated when the Department did not disclose information about a 2023 non-court-involved case concerning two of mother's older children. We disagree.

### A. Standard of Review and Applicable Law

¶ 6 A juvenile court reviewing a magistrate's decision must adopt, reject, or modify the magistrate's order or judgment. C.R.M. 7(a)(10).

¶ 7 Because parents have a fundamental liberty interest in the care, custody, and control of their children, *People in Interest of A.M. v. T.M.*, 2021 CO 14, ¶ 17, due process requires the government to provide fundamentally fair procedures to a parent facing termination of parental rights, *People in Interest of R.J.B.*, 2021 COA 4, ¶ 27, 482 P.3d 519, 524. In termination proceedings, a parent is entitled to notice of the hearing, advice of counsel, and the opportunity to be heard and defend. *People in Interest of Z.P.S.*, 2016 COA 20, ¶ 40, 410 P.3d 839, 842.

¶ 8    We review procedural due process claims de novo. *People in Interest of C.J.*, 2017 COA 157, ¶ 25. A parent may not obtain relief on a due process claim absent a showing of harm or prejudice. *People in Interest of J.A.S.*, 160 P.3d 257, 262 (Colo. App. 2007).

## B.    Additional Facts

¶ 9    At the termination hearing, the Department called the intake caseworker to testify about how this case began. During this testimony, the county attorney asked the caseworker whether she had met mother before, and the caseworker said that they had met during an assessment involving mother's two older children in 2023. The caseworker testified that, during this assessment, the Department had concerns about mother's mental health (including self-harming behavior) and substance use.

¶ 10    When the county attorney asked the caseworker for a "status" update about the two older children, mother objected, as relevant here, because the information about the other children was "not part of the discovery in this case." The county attorney responded that information about the Department's prior involvement with the two older children was noted in the shelter report and added that the caseworker had mentioned it in her notes. The magistrate

allowed the evidence but asked counsel to "tie it to where we are now."

¶ 11    After the magistrate overruled the objection, the intake caseworker testified that she had observed fresh cuts on mother's arms and believed that she was using methamphetamine based on her behaviors, rapid speech, and being easily distracted. The intake caseworker said that the previous assessment concerned her when she contacted mother in 2024 because the 2023 case "only closed because the children were in an [allocation of parental responsibilities] situation to [father's] sister" and, therefore, the Department "had nothing to indicate that any of those issues had been resolved."

¶ 12    In her petition for juvenile court review of the magistrate's order, mother reasserted her claim that the Department had not provided notice of the evidence described above in discovery, which "was a violation of [her] constitutional due process rights, as well as [the Rules of Juvenile Procedure]." In support, mother produced a copy of the caseworker's notes, claiming that those notes did not "contain information about past substance use and self-harm marks."

4

¶ 13　　The juvenile court rejected mother's due process argument, noting that mother's own exhibit "demonstrate[d] that, contrary to her assertion in her petition, the Department provided notice of [m]other's reported issues with substance use and self-harm in discovery."  The court pointed to the following four statements in the exhibit:

- Mother had "a history of self-harming and would try to cover the cuts up to prevent her older daughters from seeing the marks on her arms."

- Mother had "a history of self-harming[,] [but] the [c]aseworker observed no fresh marks on either of [her] arms" during the 2024 assessment.

- "The Department has had prior assessments with [mother] in which she was struggling with using [m]ethamphetamines."

- Mother "struggles with using [m]ethamphetamine which has impacted her life greatly."  She has two older daughters "who live with her sister-in-law."  Mother had "a history of depression and self-harm."

¶ 14    The juvenile court also rejected mother's argument that the Department had not complied with the Rules of Juvenile Procedure, concluding that mother had not "develop[ed] her argument sufficient[ly] for [it] to review" the issue. The court noted that mother had raised her assertion in "one sentence of her summary of the argument," and it therefore "decline[d] to address the issue further."

## C.    Analysis

¶ 15    On appeal, mother asserts that the juvenile court erred by denying her petition for magistrate review because she was "essentially correct that the material had not been disclosed previously," considering that the discovery material only made "general reference to self-harm" and did not refer to "any particular incident." We disagree.

¶ 16    First, we discern no procedural due process violation. Nothing in the record suggests that mother was deprived of notice of the hearing, advice of counsel, or the opportunity to be heard or defend. *See Z.P.S.*, ¶ 40, 369 P.3d at 821. As the juvenile court determined, the Department disclosed information about the Department's past involvement with mother and its concerns about her mental health

6

and substance use. Because these previous encounters involved mother, she knew about them. Mother has not directed us to any authority suggesting that the Department needed to provide more information to satisfy due process requirements. Therefore, we are not convinced that the lack of a more specific disclosure resulted in unfair surprise to her. We further note that mother did not request a continuance to allow her additional time to respond to the Department's disclosures. *See Camp Bird Colo., Inc. v. Bd. of Cnty. Comm'rs*, 215 P.3d 1277, 1292 (Colo. App. 2009) (concluding that a late disclosure did not "r[i]se to the level of trial by ambush or surprise"); *see also People v. Brown*, 313 P.3d 608, 617 (Colo. App. 2011) ("Defendant's failure to request a continuance belies any claim that he was surprised . . . by the detective's testimony.").

¶ 17    Second, mother has not established that she suffered any prejudice or harm because of the magistrate's ruling. *See J.A.S.*, 160 P.3d at 262. Nothing in the record indicates that the magistrate relied on any of the challenged evidence in reaching her decision. In fact, the magistrate determined that, because the previous case ended in an allocation of parental responsibilities, she could not rely on that evidence in determining unfitness. *Cf.* § 19-

7

3-604(2)(m), C.R.S. 2025 (stating that the fact finder may consider whether the parent previously had "his or her parent-child legal relationship terminated").

¶ 18 Finally, to the extent mother asserts on appeal that the Department's lack of disclosure violated the Rules of Juvenile Procedure, we reject her argument because (1) she did not develop that argument in her petition for magistrate review, *see People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo. App. 2006) (noting that a party must raise an issue in the juvenile court so that the court has an opportunity to correct any error that the magistrate may have made); and (2) she does not develop her argument on appeal by explaining which, if any, rules were violated, *see People in Interest of D.B-J*, 89 P.3d 530, 531 (Colo. App. 2004) (appellate courts do not address undeveloped arguments). *See, e.g.*, C.R.J.P. 4.9(f)(1) (requiring certain disclosures by the petition "upon written request").

### III. Disposition

¶ 19 The judgment is affirmed.

JUDGE TOW and JUDGE LIPINSKY concur.