25CA2168 Peo in Interest of EL 04-09-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2168
Adams County District Court No. 24JV30182
Honorable Kelley R. Southerland, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of E.L., a Child,

and Concerning J.L.,

Appellant.

---

JUDGMENT AFFIRMED

Division A
Opinion by JUDGE ASHBY*
Román, C.J., and Graham*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 9, 2026

---

Heidi Miller, County Attorney, Emily Platt, Assistant County Attorney, Westminster, Colorado, for Appellee

Jenna L. Mazzucca, Guardian Ad Litem

Patrick R. Henson, Office of Respondent Parents' Counsel, Chelsea A. Carr, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     In this dependency and neglect action, J.L. (father) appeals the judgment allocating parental responsibilities for E.L. (the child) to K.C. (mother).  We affirm.

## I.     Background

¶ 2     The Adams County Human Services Department (the Department) filed a petition in dependency and neglect, alleging that father engaged in a "pattern of neglect with [the child]'s hygiene, mental health, and education."  Temporary custody of the child was granted to mother, who maintained custody of the child throughout the proceedings.

¶ 3     The juvenile court adjudicated the child as to father and deferred an adjudication as to mother.  Mother later moved for an allocation of parental responsibilities (APR), and the juvenile court granted the motion after a contested hearing.

## II.     The APR

¶ 4     Father generally contends that the juvenile court erred by entering the APR because the Department failed to provide reasonable accommodations as required under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101-12213, and its related amendments and implementing regulations (the ADA).

A.     Standard of Review and Relevant Law

¶ 5     Allocating parental responsibilities is a matter within the sound discretion of the juvenile court. *See In re B.R.D.*, 2012 COA 63, ¶ 15. Although the juvenile court must allocate parental responsibilities to best serve "the interests of the child and the public," § 19-3-507(1)(a), C.R.S. 2025, the Children's Code does not prescribe any specific factors the juvenile court must consider in making its decision. *People in Interest of C.M.*, 116 P.3d 1278, 1281 (Colo. App. 2005).

¶ 6     Under the ADA, both the Department and the juvenile court must generally provide reasonable accommodations to a parent with a qualifying disability when providing services to that parent. 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services . . . of a public entity, or be subjected to discrimination by any such entity."); *see also* 42 U.S.C. § 12102 (defining "disability" under the ADA); 42 U.S.C. § 12131(2) (defining "public entity" and "qualified individual" under the ADA).

¶ 7    Father asserts that this issue was preserved when he "filed his notice pursuant to the ADA, and when the court — at the APR hearing — acknowledged [his] notice and the accommodations [he] needed."  We disagree.

¶ 8    Father filed a "Notice of ADA Applicability and Request for Accommodations," requesting accommodations from both the Department and the juvenile court.  At the APR hearing, the court "note[d] as a matter of record that [father] requested, and the court provided, ADA accommodations."  The court went on to find that, "up through this matter and including today's proceeding, the Court has provided accommodations to [father] so that he could, ideally, appear and participate effectively in these proceedings."  Father does not contest these findings regarding accommodations made by the juvenile court.

¶ 9    We understand father's argument to now be that the Department failed to provide reasonable accommodations and therefore failed to make reasonable efforts to rehabilitate him.  But, other than filing an ADA notice in which accommodations were requested several months before the APR hearing, Father did not

raise at any stage of the proceedings an argument that the Department had failed to make reasonable efforts or had failed to provide him with reasonable accommodations. And, perhaps for this reason, the record does not contain any findings or orders regarding accommodations that might have been made by the Department. *People in Interest of T.E.R.*, 2013 COA 73, ¶ 30 (generally, issues not raised in the trial court will not be considered on appeal).

¶ 10 To preserve an issue for appellate review, a party must alert the juvenile court to the issue so that the court has an adequate opportunity to make findings of fact and conclusions of law. *Forgette v. People*, 2023 CO 4, ¶ 21. While "[w]e do not require that parties use 'talismanic language' to preserve particular arguments for appeal, . . . the trial court must be presented with an adequate opportunity to make findings of fact and conclusions of law on any issue before we will review it." *People v. Melendez*, 102 P.3d 315, 322 (Colo. 2004) (citations omitted).

¶ 11 Father ties his ADA claims to the Department's general obligation to provide parents with reasonable efforts. But a reasonable-efforts finding was not required here because (1) the

4

child was placed and remained with mother — not in out of home placement — throughout the case; and (2) the court allocated responsibilities between mother and father, rather than to a nonparent. *See People in Interest of S.K.*, 2019 COA 36, ¶ 34; *see also* §§ 19-1-103(114), 19-3-100.5(1), 19-3-208(1), 19-3-604(2)(h), C.R.S. 2025; *cf. People in Interest of A.S.L.*, 2022 COA 146 ¶ 20 (the Department has a statutory obligation to provide reasonable efforts to reunify the family and avoid out-of-home placement when the juvenile court enters an APR to a nonparent). Father did not ask the juvenile court to depart from this established precedent to determine that reasonable efforts should have been required because of his circumstances, and indeed, the court did not make any reasonable efforts findings in its verbal or written APR orders.

¶ 12 Similarly, father asserts that a court must consider reasonable efforts when assessing whether a parent is fit. § 19-3-604(2)(h). But again, the Children's Code does not require a fitness determination as part of an APR judgment, father did not ask for, nor did the court make a fitness finding. *See People in Interest of L.B.*, 254 P.3d 1203, 1208 (Colo. App. 2011) (an APR must be determined in accordance with a child's best interests; a finding of

5

parental unfitness is not required for an APR for a child adjudicated dependent or neglected).

¶ 13  In short, while father generally claims that the APR was entered in error, he does not and cannot point us to any finding made by the court that we can review. It is worth noting that father did ask the court for clarification of its APR order as to third-party supervision of his parenting time and whether the court was solely relying on Title 14 in making its best interests determination. But father did not ask the juvenile court to review or make findings about any reasonable accommodations provided by the Department before or after entering the APR judgment, and there are not any relevant findings for us to review as part of his appeal. Arguments never presented to, considered by, or ruled on by the trial court may not be raised for the first time on appeal. *People in Interest of K.L–P.*, 148 P.3d 402, 403 (Colo. App. 2006).

¶ 14  Father correctly notes that divisions of this court have considered unpreserved issues when a failure to do so may result in a miscarriage of justice. *See People in Interest of M.B.*, 2020 COA 13, ¶ 21 ("[G]iven the constitutional nature of parental rights, we will recognize a miscarriage of justice exception for review of

6

unpreserved errors.") We decline to do so here because the APR judgment did not sever father's parental rights and father does not assert any other reason why the APR might belong to the class of "rare cases, involving unusual or special circumstances" to which a miscarriage of justice exception might apply. *See People in Interest of E.R.S.*, 2019 COA 40, ¶ 38.

## III.  Disposition

¶ 15    Father does not claim that the APR judgment unduly restricted his parenting time or parental responsibilities, runs afoul of other state or federal directives concerning the ADA, or is in any way deficient.  Absent such a showing, father's request to vacate the APR judgment because of any failure of the Department to provide reasonable efforts through ADA accommodations during the dependency and neglect proceeding must fail.

¶ 16    The judgment is therefore affirmed.

CHIEF JUDGE ROMÁN and JUDGE GRAHAM concur.