David G. BRYAN, Plaintiff–Appellant,

v.

Gary D. NEET, Robert B. Allen, Gloria Masterson, Richard R. Friend, Lisa Lehn, Ruby Osberg, Glen Jones, and Richard Johnson, Defendants–Appellees.

No. 02CA1386.

Colorado Court of Appeals, Div. III.

July 3, 2003.

Rehearing Denied Sept. 25, 2003.

Certiorari Denied March 1, 2004.

David G. Bryan, Pro Se.

No Appearance for Defendants–Appellees.

Opinion by Judge DAILEY.

In this prison disciplinary review action, plaintiff, David G. Bryan, appeals a magistrate's orders denying his request to proceed in forma pauperis and dismissing his complaint against defendants, Gary D. Neet, Robert B. Allen, Gloria Masterson, Richard R. Friend, Lisa Lehn, Ruby Osberg, Glen Jones, and Richard Johnson. We dismiss the appeal.

Plaintiff, an inmate in a state correctional facility, instituted an action under C.R.C.P. 106(a)(4) and 42 U.S.C. § 1983 for backpay, reinstatement of his job, and restoration of various privileges lost when he was found guilty by prison officials of having violated the Code of Penal Discipline. In an earlier proceeding, plaintiff had been found not guilty of the alleged violation, but that determination was overturned by an associate warden, who remanded the matter for another hearing.

In his complaint, plaintiff alleged, among other things, that his due process and double jeopardy rights were violated when he was reprosecuted after having been found not guilty of the alleged violation.

Along with his complaint, plaintiff filed a motion to proceed in forma pauperis. A district court magistrate denied this request and subsequently dismissed plaintiff's complaint when he failed to pay the docket fee.

Plaintiff directly appealed these orders to this court. On appeal, he contends that the magistrate lacked jurisdiction over his case and otherwise erred in the rulings. We lack jurisdiction to consider these contentions.

C.R.M. 7 governs appeals from orders and judgments of magistrates. "C.R.M. 7(a) sets out the procedure for review of magistrate's orders and judgments that have been 'entered without consent' of the parties, and C.R.M. 7(b) sets out a different procedure for orders and judgments that have been 'entered with consent' of the parties." *People ex rel. Garner v. Garner*, 33 P.3d 1239, 1242 (Colo.App.2001). For C.R.M. 7 purposes, whether an order has been entered with or without the parties' consent depends not upon whether the parties actually consented, but upon whether consent is required by rules or statutes to invest a magistrate with authority to act. See *People ex rel. Garner v. Garner, supra*, 33 P.3d at 1242–43.

C.R.M. 6(a)-(e) lists specific matters that either do or do not require the parties' consent before a magistrate may rule upon them. The subject matter of the present case is not one of the matters listed in those provisions.

C.R.M. 6(f), however, provides that "[a] district court magistrate may perform any other function specifically authorized by statute." Section 13–17.5–105, C.R.S.2002, states, without any reference to consent of the parties, that district court magistrates are authorized to preside over (1) motions filed under § 13–16–103, C.R.S.2002, to pro-

ceed in forma pauperis and (2) motions filed under the Colorado Rules of Civil Procedure to dispose of an inmate's action without necessity of trial.

■ Because a statute that establishes no conditions should be applied without additional requirements, we conclude that a magistrate may, without the consent of the parties, act upon an inmate's in forma pauperis request and dispose of the case in accordance with its ruling thereon. It follows, then, that appellate review of the magistrate's rulings in this case is governed by C.R.M. 7(a). *See People ex rel. Garner v. Garner, supra,* 33 P.3d at 1242 (employing similar analysis in connection with child support enforcement orders).

■ Where, as here, a magistrate has entered an order on a matter in which consent is not required, a party is not entitled to pursue appellate review unless he or she has first filed a motion for review of the magistrate's order in the district court. This motion must be filed no later than fifteen days subsequent to the date of the magistrate's order or judgment. C.R.M. 7(a)(1).

Here, plaintiff failed to file any motion for review in the district court. Consequently, we lack jurisdiction to consider his appeal. *See People ex rel. Garner v. Garner, supra,* 33 P.3d at 1243.

Accordingly, the appeal is dismissed.

Judge ROY and Judge PLANK * concur.