In re the MARRIAGE OF Rene STOCKMAN, Appellant,

and

Wayne Stockman, Appellee.

No. 10CA0125.

Colorado Court of Appeals, Div. A.

July 22, 2010.

Rene Stockman, Pro Se.

Wayne Stockman, Pro Se.

Opinion by Judge DAILEY.

Upon consideration of the notice of appeal, and after reviewing the relevant order, we dismiss the appeal to this court for lack of jurisdiction.

## I. Background

Following a contempt hearing, the magistrate found Wayne Stockman (husband) guilty of two counts of contempt, and ordered Rene Stockman (wife) to submit an attorney fees affidavit. Upon receipt of the affidavit, the magistrate entered remedial sanctions against husband, requiring him to pay $750 of wife's attorney fees. The last line on the magistrate's order read, "NOTICE: This order is issued in a proceeding in which consent of the parties is necessary. Any appeal of this order must be taken within 45 days pursuant to Rule 7(b), C.R.M."

Wife filed her pro se appeal directly with this court forty-three days after entry of the magistrate's order.

## II. Magistrate Failed to Confer Jurisdiction

Although wife followed the directions provided by the magistrate to appeal directly to this court, the magistrate's C.R.M. 7(b) language in this case was inappropriate and insufficient to confer jurisdiction upon us.

This court has jurisdiction over "[a]ny order or judgment entered with the consent of the parties" that is "not subject to review under [C.R.M.] 7(a)." *See* C.R.M. 7(b). Conversely, any order or judgment of the magistrate entered without the consent of the parties requires district court review before an appeal to this court may lie. *See* C.R.M. 7(a)(1); 7(a)(5); *In re Marriage of Moore,* 107 P.3d 1150, 1151 (Colo.App.2005); *see also* C.R.M. 7(a)(12) (failure to seek district court review bars appeal); *In re Marriage of Tonn,* 53 P.3d 1185 (Colo.App.2002) (same).

Here, wife appeals from an award entering attorney fees, which is a proceeding in which the magistrate may enter findings *without* consent of the parties. *See* C.R.M. 6(b)(1); *see also Bryan v. Neet,* 85 P.3d 556, 557 (Colo.App.2003) (whether an order has been entered with or without the parties' consent depends upon whether consent is required by rules or statutes to invest a magistrate with authority to act). Thus, district court review of the magistrate's order was required before wife could seek review with this court. *See* C.R.M. 7(a). Accordingly, because wife did not seek district court review under C.R.M. 7(a), we have no jurisdiction and, consequently, dismiss the appeal. *See* C.R.M. 7(a)(1); *Moore,* 107 P.3d at 1151.

Wife's remedy is to seek review of the magistrate's order in the district court. Ordinarily a party must seek district court review of an order entered under Rule 7(a) within fifteen days of the date of the order. C.R.M. 7(a)(5). Thus, any request for district court review filed by wife at this point would be untimely.

However, unique circumstances permit an enlargement of time "if a party rea-

sonably relies and acts upon an erroneous or misleading statement or ruling by the district court." *See In re C.A.B.L.*, 221 P.3d 433, 440 (Colo.App.2009); *see also People v. Baker*, 104 P.3d 893, 896 (Colo.2005) (where defendant's failure to file a timely appeal was attributed to the failure of both trial counsel and the trial court, good cause existed to enlarge the time within which to file a notice of appeal for a criminal conviction).

The Colorado Rules for Magistrates create a "confusing appellate labyrinth" perplexing both counsel and pro se parties alike, leading to the dismissal of a "significant, and perhaps unacceptable" number of appeals. *See C.A.B.L.*, 221 P.3d at 443–44 (Roy, J., specially concurring). This case presents a clear example of that "labyrinth" as it resulted in erroneous language in the magistrate's order and wife's failure to seek district court review. Thus, if wife files an untimely motion seeking review, the district court should carefully consider the unique circumstances presented by the magistrate's erroneous and misleading language in determining whether to accept the untimely appeal.

Nevertheless, because district court review of this order was required before any appeal could be filed, we simply have no jurisdiction and must dismiss.

The appeal is dismissed without prejudice.

Judge LOEB and Judge HAWTHORNE concur.