24CA1411 Parental Resp Conc SW 01-29-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1411
Boulder County District Court No. 09DR1455
Honorable Bruce Langer, Judge

---

In re the Parental Responsibilities Concerning S.W., a Child,

and Concerning Jeanette I. Wickline,

Appellee,

and

Cristian Borcan,

Appellant.

---

APPEAL DISMISSED IN PART, ORDERS AFFIRMED,
AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE SCHOCK
Grove and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 29, 2026

---

Cox, Baker, Page, & Bailey LLC, Darius T. Carter, Lone Tree, Colorado, for
Appellee

Cristian Borcan, Pro Se

¶ 1 In this ongoing dispute concerning parenting time and child support between Cristian Borcan (father) and Jeanette I. Wickline (mother), father appeals the district court's adoption of magistrate orders awarding attorney fees to mother, denying father's motion to lift restrictions, and requiring father to complete a psychological evaluation. We dismiss the appeal in part and otherwise affirm. We remand the case for determination of mother's request for appellate attorney fees under section 14-10-119, C.R.S. 2025.

## I. Background

¶ 2 The parties are the parents of a child, S.W., born in 2010. In 2011, the district court designated mother as the child's primary residential parent and sole decision-maker. The court limited father to supervised parenting time. Four years later, after completing reunification therapy with the child, father began having therapeutic parenting time. But in August 2016, mother unilaterally terminated father's therapeutic parenting time.

¶ 3 Since then, the parties have been engaged in protracted litigation over the resumption of father's parenting time, the selection of a professional to supervise father's parenting time, and father's financial circumstances for child support purposes.

1

A.    Mother's Motion to Compel and Award of Attorney Fees

¶ 4    During the course of the litigation, mother moved to compel father to respond to certain discovery and requested sanctions. A district court magistrate held a hearing on the motion and, on October 3, 2023, issued an order granting it. The magistrate found that father had willfully failed to comply with his discovery obligations and that his justifications for noncompliance were not credible. The magistrate also sanctioned father by ordering him to pay mother's attorney fees and costs resulting from his noncompliance with her discovery requests. The magistrate directed mother's attorney to file an affidavit of attorney fees.

¶ 5    Father objected to the affidavit of attorney fees on several grounds. On February 26, 2024, after a hearing, the magistrate awarded mother attorney fees and costs totaling $68,036.52. Father petitioned for district court review of the fee award. On June 21, 2024, the district court adopted the magistrate's order.

B.    Father's Motion to Lift Restrictions

¶ 6    In February 2024, father filed a "[m]otion to lift restrictions, appoint a therapist, and request for expedited ruling." In that motion, father asked the court to reverse its prior rulings that it

would not consider any motions he filed involving financial matters or appoint a therapeutic parenting time supervisor until he complied with outstanding court orders regarding discovery.

¶ 7    The magistrate denied the motion. Citing a prior denial of a similar motion, the magistrate explained that father had "not met the conditions previously outlined by the [c]ourt to lift any restrictions on his filings." Father filed a petition for district court review, challenging the magistrate's finding that his discovery responses were deficient. On June 24, 2024, the district court denied the petition for review, concluding that "it does not clearly identify the [o]rder to be reviewed, does not cite any legal authority beyond C.R.M. 7, and does not clearly request specific relief."

   C.    Mother's Motion for Psychological Evaluation of Father

¶ 8    In May 2024, the magistrate held a hearing on mother's motion to require father to submit to a psychological evaluation as a precursor to the court's decision regarding parenting time. Based on the parties' offers of proof, the magistrate granted mother's request, finding that a psychological evaluation was necessary to determine the best interest of the child for purposes of future

parenting time decisions. The magistrate ordered father to undergo a psychological evaluation and pay the costs of the evaluation.

¶ 9 Father again petitioned for district court review. Initially, on June 20, 2024, the district court denied the petition on the ground that it did not include a certificate of conferral. Father then filed a new petition for review after conferring with mother. Mother filed a response, which the district court ruled was moot because it had "issued an [o]rder on June 24, 2024, denying" father's petition for review as "improperly pleaded." (The court was apparently referring to a different petition for review.) Nevertheless, on July 29, 2024, the district court issued an order addressing the substance of father's petition for review and adopting the magistrate's order.

## II. Magistrate Rules and Standard of Review

¶ 10 When a magistrate decides a matter for which the parties' consent is unnecessary, a party may obtain review of the magistrate's "final order or judgment" by filing a petition for review with the district court within the required time. C.R.M. 7(a)(5)

(2024).[1]  The district court may then adopt, reject, or modify the magistrate's order, which becomes the order of the district court. C.R.M. 7(a)(10).  If a party does not file a timely petition for review in the district court, the magistrate's order becomes the order of the district court, and appellate review is barred.  C.R.M. 7(a)(11), (12).

¶ 11     Our review of a district court's order adopting a magistrate's decision serves as a second layer of appellate review.  *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22.  Like the district court, we must accept the magistrate's factual findings unless they are clearly erroneous, meaning they have no record support.  *Id.*; *see* C.R.M. 7(a)(9).  We review issues of law de novo.  *Sheehan*, ¶ 22.

III.    Order Compelling Discovery and Awarding Attorney Fees

¶ 12     Father asserts two challenges to the district court's adoption of the magistrate's order awarding mother attorney fees for her motion to compel.  First, he contends that the magistrate clearly erred by finding that he failed to comply with discovery.  Second, he

---

[1] The Colorado Rules for Magistrates recently changed substantially for orders issued on or after January 2, 2026. *See* Rule Change 2025(18), Colorado Rules for Magistrates (Amended and Adopted by the Court En Banc, Sept. 4, 2025), https://perma.cc/S7P6-9RVS. We cite the version of the rules that applies in this case.

argues that the fee award was improper because it was either "obtained through fraud" or included eighteen hours of "fraudulent" fees. Neither argument provides a basis to set aside the order.

### A. Noncompliance with Discovery

¶ 13 As an initial matter, to the extent father challenges the magistrate's October 3, 2023, order granting the motion to compel — as opposed to the February 26, 2024, order awarding attorney fees — we lack jurisdiction to review it because father did not file a timely petition for review in the district court. *See In re Marriage of Stockman*, 251 P.3d 541, 542-43 (Colo. App. 2010).

¶ 14 A magistrate order is final and reviewable if it "fully resolves an issue or claim." C.R.M. 7(a)(3). An issue is "[a] point in dispute between two or more parties." *People v. Maes*, 2024 CO 15, ¶ 17 (citation omitted). Thus, a magistrate order that fully resolves a particular issue may be "final" for purposes of district court review, even if it would not constitute a final judgment for purposes of appellate review. *Id.* at ¶¶ 15, 18. Moreover, an order deciding the merits of an issue may be final notwithstanding an unresolved issue of attorney fees. *L.H.M. Corp., TCD v. Martinez*, 2021 CO 78, ¶ 23; *cf. In re Marriage of Nelson*, 2012 COA 205, ¶ 18 ("[A]n order fully

resolving a motion to modify maintenance is a final appealable order, notwithstanding an unresolved request for attorney fees.").

¶ 15     The magistrate's October 3, 2023, order granting mother's motion to compel was a final order that fully resolved the issue of father's noncompliance with his outstanding discovery obligations. Father therefore had to file his petition for review of that order within twenty-one days of the order.  C.R.M. 7(a)(5).  He did not do so.  Indeed, even father's petition for review of the February 26, 2024, attorney fee order — which would have been untimely as to the order to compel in any event — did not directly challenge the substance of the order to compel.[2]  Thus, because father did not timely petition for district court review of the magistrate order granting mother's motion to compel, we lack jurisdiction to review that order.  *See* C.R.M. 7(a)(11); *Stockman*, 251 P.3d at 542-43.

¶ 16     We acknowledge, as father points out, that the district court's order on the petition for review of the attorney fee order *said* it was

---

[2] We note that father attached a forty-nine-page document to his petition for review, which did contain some argument that he complied with his discovery obligations.  That attachment was part of an earlier motion filed by father, which the magistrate declined to consider because it "far exceed[ed]" the applicable page limit.  *See* C.R.C.P. 121, § 1-15(1)(a) (limiting motions to fifteen pages).

7

affirming the order granting the motion to compel. But the lack of a timely petition for review divested the district court of jurisdiction to review the October 23, 2023, order, making its purported adoption of that order null. *See* C.R.M. 7(a)(12); *In re Estate of Hillebrandt,* 979 P.2d 36, 38 (Colo. App. 1999) (holding that district court lacked jurisdiction to hear untimely petition for review of magistrate order).

¶ 17 Because we lack jurisdiction to review the magistrate's order granting the motion to compel, we dismiss those portions of father's appeal that challenge that order. *See Stockman,* 251 P.3d at 543.

¶ 18 And although father asserts that the magistrate made clearly erroneous findings in connection with the attorney fee order, he does not identify any such findings. The only finding he identifies is the magistrate's finding that he had not properly responded to discovery — a finding that the magistrate made at the hearing on the motion to compel and that, again, we may not review. To the extent the magistrate incorporated this finding into the attorney fee order, father has not shown that it is clearly erroneous.

## B. Amount of Fees

¶ 19 Father next challenges the amount of the fee award. He argues that eighteen hours of document review time were

unreasonable because counsel told the court he had not yet been able to fully review the documents. Alternatively, father argues that the entire attorney fee award was improper because counsel's time reviewing documents shows father had provided the required discovery. Neither contention is preserved for our review.

¶ 20    C.R.M. 7(a)(7) requires a petition for review to "state with particularity the alleged errors in the magistrate's order." In other words, "a party seeking review of a magistrate's decision must raise a particular issue in the district court so that the district court may have an opportunity to correct any error that may have been made by the magistrate." *People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo. App. 2006). Issues not raised in a petition for review to the district court are not properly before us on appeal. *Id.*

¶ 21    In father's petition for review of the magistrate's attorney fee award, father did not raise any issue concerning the allegedly fraudulent eighteen hours of document review time. Nor did he contend that the claimed fees were fraudulent in their entirety. And we are not persuaded by father's contention that we may review these unpreserved arguments based on "new evidence," particularly since they are based on information of which father was aware at

the time of his petition for review. We therefore may not consider these unpreserved challenges to the attorney fee award. *See id.*

### IV. Order Denying Motion to Lift Restrictions

¶ 22 Father's challenge to the magistrate's order denying his "motion to lift restrictions" is similarly based on his contention that the district court clearly erred by finding that he was not compliant with his discovery obligations. In short, the magistrate barred father from filing any motions related to financial matters and declined to appoint a therapeutic parenting time supervisor until father complied with the court's discovery orders. Father asked the magistrate to lift those restrictions, and the magistrate declined.

¶ 23 But as father concedes, his arguments on appeal are based entirely on a document that does not appear in the record in connection with the motion at issue. Father refers to arguments he made in a different motion that he filed, which the magistrate declined to consider because it exceeded the page limit. Although father asserts that he included that filing as an attachment to the motion at issue, he acknowledges that the attachment is not in the record. Nor was it attached to his district court petition for review.

We are limited to the record that was before the district court. *See In re Marriage of Rivera*, 91 P.3d 464, 466 (Colo. App. 2004).

¶ 24 Beyond his reference to the missing attachment, father makes only the conclusory assertion that the magistrate did not clearly state what discovery was outstanding. But in denying father's motion, the magistrate incorporated mother's response to a previous similar motion, which detailed the nature of father's deficiencies. Father's continued denials and disagreements with the magistrate's conclusions do not show that the magistrate erred.

## V. Order Requiring Psychological Evaluation

¶ 25 Father appeals the district court's adoption of the magistrate's order requiring him to submit to a psychological evaluation on three grounds: (1) the order was an "extra order" denying a petition that had already been ruled on; (2) the magistrate clearly erred by rejecting father's assertion that all mental health professionals in the case had been misled; and (3) the magistrate erred by requiring father to pay the costs of the evaluation. We perceive no error.

### A. "Extra Order"

¶ 26 Father appears to assert that the district court's July 29 order adopting the magistrate's psychological evaluation order was

improper because the district court had already ruled on his petition for review in an earlier July 9 order. In that July 9 order, the district court concluded that mother's response to the petition for review was moot because it had issued an order on June 24 denying father's petition for review as "improperly pleaded."

¶ 27    The district court was incorrect. Its June 24 order had denied a different petition for review filed by father — the one challenging the magistrate's order denying his motion to lift restrictions.[3] The court had not yet ruled on the petition for review of the psychological evaluation order. But the court did not rule on that petition in its July 9 order either. It simply noted that it would not consider mother's *response* to that petition because it was moot.

¶ 28    In any event, to the extent the district court erred by saying it had already denied the petition, it corrected that mistake by later ruling on the petition. *See* C.R.C.P. 61 ("The court . . . must disregard any error . . . which does not affect the substantial rights of the parties."); *People in Interest of A.C.*, 170 P.3d 844, 845 (Colo.

---

[3] The district court's apparent confusion was understandable, given the plethora of motions and petitions for review filed by father around the same time, many of which raised similar issues.

App. 2007) (holding that error without prejudice is not grounds for reversal). In its July 29 order, the court addressed father's petition for review on the merits and adopted the magistrate's order. That was the only district court order denying the petition; it was not "extra." And the fact that mother's counsel brought the court's mistake to its attention does not make the order "fraudulent."

### B.    Finding Concerning Mental Health Professionals

¶ 29    Father next challenges the magistrate's finding that "[father's] assertions that all mental health professionals were misled based [on] misinformation are . . . highly improbable." The magistrate found it incredible that "every credible mental health professional involved in the case over fifteen years is wrong, [and] that their opinions are based on misrepresentation and lack evidence."

¶ 30    We disagree with mother that father failed to preserve this issue for our review. Father was not required to object to the magistrate's factual findings to preserve his challenge to those findings. *See People in Interest of D.B.*, 2017 COA 139, ¶ 30. And father specifically challenged this finding in his petition for review. That was enough to preserve the issue. *See K.L-P.*, 148 P.3d at 403.

¶ 31     But the magistrate's finding is not clearly erroneous.  *See*

C.R.M. 7(a)(9) ("Findings of fact made by the magistrate may not be

altered unless clearly erroneous.").  The credibility of witnesses, the

weight of the evidence, and the inferences and conclusions to be

drawn from the evidence are all matters within the province of the

magistrate as fact finder.  *People in Interest of A.M. v. T.M.*, 2021 CO

14, ¶ 15.  The magistrate considered the record, father's statements

during the hearing, and reports of mental health professionals.  In

particular, the magistrate noted father's failure to produce

requested discovery concerning the alleged misrepresentations and

the court's "multiple prior findings of deceit [and] manipulation" by

father.  Based on this record, the magistrate found that father's

contention that multiple mental health professionals had been

misled was not facially plausible.  Because that finding has record

support, we may not disturb it.  *See In re Marriage of Seewald*, 22

P.3d 580, 585 (Colo. App. 2001) ("We may not reweigh [the]

evidence or substitute our judgment for that of the trial court.").

C.     Allocation of Costs for Psychological Evaluation

¶ 32     Father also contends that the district court erred by requiring

him to pay the costs of the court-ordered psychological evaluation.

14

But this contention appears to be primarily based on his claim that mother and her counsel had misled mental health professionals. Because we have upheld the magistrate's rejection of this claim, it cannot serve as a basis to set aside the allocation of costs.

¶ 33 Beyond that, father argues that the magistrate did not make sufficient findings under section 14-10-124(1.5), C.R.S. 2025, to support the allocation of costs. But that section governs the allocation of parental responsibilities, not the allocation of costs of a psychological evaluation. And father has not developed any other argument as to why the magistrate's cost allocation was improper. *See Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 44 (declining to consider undeveloped and conclusory arguments), *aff'd*, 2021 CO 56.

¶ 34 To the extent father challenges the award of attorney fees incurred in connection with mother's motion for the psychological evaluation, that award is not at issue in this appeal. *See In re Marriage of Humphries*, 2024 COA 92M, ¶¶ 48-49 (explaining that "the issue of attorney fees is a separately appealable issue" and is not final until the court has determined the amount of fees).

## VI.  Father's Other Arguments

¶ 35    Father makes several other allegations of improper or unprofessional conduct by mother's counsel, the magistrate, and the district court.  Many of these arguments are raised for the first time in his reply brief.  *See In re Marriage of Herold*, 2021 COA 16, ¶ 14 (declining to address argument first raised in reply).  Others are undeveloped and not tied to a specific order on appeal.  *See Woodbridge Condo. Ass'n*, ¶ 44.  We therefore do not address them.  Similarly, father's challenges to additional, unspecified attorney fee awards are not properly before us.  *See Humphries*, ¶ 49.

## VII.  Mother's Request for Appellate Attorney Fees

¶ 36    Mother requests an award of her appellate attorney fees under section 13-17-102, C.R.S. 2025, on the ground that father's appeal lacks substantial justification.  We deny this request.  Although father's appeal lacks merit, mother has not alleged facts showing that father "clearly knew or reasonably should have known that [his appeal] was substantially frivolous, substantially groundless, or substantially vexatious," as required to support an award of attorney fees against a pro se party.  § 13-17-102(6); *see also Glover v. Serratoga Falls LLC*, 2021 CO 77, ¶ 70 (noting that awards of

attorney fees for frivolous appeals should be reserved for "clear and unequivocal" cases involving "egregious conduct" (citation omitted)).

¶ 37　Mother also requests an award of her appellate attorney fees under section 14-10-119, due to a disparity in the parties' financial resources.  Because the district court is better equipped to resolve the factual issues regarding the parties' current financial circumstances, we remand the case to the district court to address mother's request.  *See In re Marriage of Alvis*, 2019 COA 97, ¶ 30.

## VIII.  Disposition

¶ 38　The appeal is dismissed to the extent father challenges the magistrate's order granting mother's motion to compel.  The district court's June 21, June 24, and July 29, 2024, orders are affirmed. The case is remanded to the district court to consider mother's request for appellate attorney fees under section 14-10-119.

JUDGE GROVE and JUDGE YUN concur.