25CA1431 Marriage of Zunker 05-14-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1431
City and County of Denver District Court No. 11DR4141
Honorable Michael W.V. Angel, Judge

---

In re the Marriage of

Derek Zunker,

Appellee,

and

Sabrina Zunker,

Appellant.

---

APPEAL DISMISSED IN PART, ORDER AFFIRMED,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE TOW
Welling and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

---

Sherr Puttmann Akins Lamb PC, Tanya L. Akins, Denver, Colorado, for Appellee

Sabrina Zunker, Pro Se

¶ 1     In this post-dissolution of marriage proceeding involving Derek Zunker (father) and Sabrina Zunker (mother), mother appeals the district court's adoption of a magistrate's order awarding father $80,082.25 in attorney fees related to numerous pro se filings that mother initiated starting in October 2022.[1] We dismiss mother's appeal in part and otherwise affirm. And we remand to the district court to determine father's reasonable appellate attorney fees and costs.

## I.  Background

¶ 2     The parties' three-year marriage ended in 2012. They are the parents of one child.

¶ 3     The parties originally shared equal parenting time. In November 2017, a district court magistrate awarded father sole decision-making responsibility and modified parenting time, with father becoming the majority-time parent. In October 2020, mother's attorneys withdrew from the case.

---

[1] Given the number of orders that Mother discusses in her briefing, and that we consequently mention in this opinion, we refer to this order as the order on appeal for clarity's sake.

¶ 4     Since October 2022, mother has engaged in a persistent campaign of filing pro se motions and other requests for relief with the district court.  In all, mother filed more than twenty-five motions and other requests for relief between October 2022 and September 2024.

¶ 5     Given mother's barrage of pro se filings, in November 2023, father moved for an award of attorney fees under section 13-17-102, C.R.S. 2025.  In support, father asserted that mother's filings were largely frivolous and that mother had failed to comply with various court rules and orders during the prosecution of her numerous requests for relief.  In January 2024, father also moved to enjoin mother from filing additional pleadings as a pro se party without first obtaining the court's permission "pursuant to a reasonable procedure or first obtaining counsel," among other relief.

¶ 6     In May 2024, the magistrate issued an order granting father's request for attorney fees.  But after mother requested an evidentiary hearing on the request, the magistrate set a hearing for September 24, 2024, to address both the attorney fee issue and father's request to prohibit mother from making additional pro se filings. Before the hearing, father filed a supplemental motion for attorney

fees, in which he updated the amount of attorney fees that he had incurred and summarized additional filings that mother had made since he filed his original motion.

¶ 7     Following the hearing, the magistrate issued two orders.  In the first order, the magistrate prohibited mother from filing any further motions or other requests for relief pro se.  Mother petitioned for district court review, and the district court adopted the magistrate's first order.  A division of this court affirmed in *In re Marriage of Zunker*, (Colo. App. No. 25CA0123, Oct. 23, 2025) (not published pursuant to C.A.R. 35(e)).  The division agreed that mother's filings "were often meritless, given that they did not contain relevant legal authority, were repetitious and circular, and otherwise contained numerous arguments recycled from previously denied motions." *Id.* at ¶ 19.

¶ 8     In the second order — the order on appeal — the magistrate awarded father $80,082.25 in attorney fees under section 13-17-102 and section 13-17-103, C.R.S. 2025, related to mother's numerous pro se filings.  Mother sought district court review.  The district court denied mother's petition for review, effectively adopting the magistrate's order.

## II. Mother's Appeal of an October 2020 Order

¶ 9 To start, we dismiss mother's apparent challenge to an October 2020 magistrate order that she alleges exceeded the magistrate's authority and violated her due process rights.

¶ 10 Mother's attempt to appeal the October 2020 order is barred because she failed to first seek district court review of the order and otherwise failed to timely appeal to this court. *See* C.R.M. 7(a)(11) (2025) (repealed 2026)[2] ("Appeal of an order or judgment of a district court magistrate may not be taken to the appellate court unless a timely petition for review has been filed and decided by a reviewing court in accordance with these Rules."); *In re Marriage of Stockman,* 251 P.3d 541, 542 (Colo. App. 2010) (holding that district court review of the magistrate's order is a jurisdictional prerequisite for this court's review); *see also* C.A.R. 4(a)(1) (requiring the filing of a notice of appeal within 49 days after entry of the judgment, decree, or order being appealed). Because the time for mother to appeal the October 2020 order has long since lapsed, we dismiss this portion of her appeal.

---

[2] We apply the version of the Magistrate Rules in effect at the times relevant to mother's appeal.

III.    The Magistrate's Award of Attorney Fees to Father

¶ 11    As to the order on appeal, mother contends that the magistrate made insufficient and otherwise unsupported findings under section 13-17-103(1) when awarding father attorney fees.  We disagree.

A.    Appellate Review of Magistrate Orders

¶ 12    Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review.  *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22.  We must accept the magistrate's factual findings unless they are clearly erroneous.  *In re Marriage of Young*, 2021 COA 96, ¶ 8.  However, we review de novo questions of law.  *Sheehan*, ¶ 22.

B.    Preservation

¶ 13    We begin by rejecting father's assertion that mother did not preserve her challenge to the order on appeal because the district court denied her petition for review for failure to comply with the magistrate rules.  Specifically, the district court found that mother's petition for review contained "numerous immaterial and irrelevant allegations dating back to 2017, the majority of which have no bearing on the order for attorney[] fees."  For this reason, the

5

district court held that her petition failed to specify, with particularity, the magistrate's alleged errors, as C.R.M. 7(a)(7) (2025) (repealed 2026) required.

¶ 14　We note that mother's petition for review included a block of nearly twenty pages of uninterrupted text that makes it difficult to glean her specific challenges.  Nevertheless, parsing through mother's petition reveals her contention that the magistrate erred in applying the statutory factors under section 13-17-103(1).  Thus, we cannot say that mother failed to allege with particularity at least some errors as to order on appeal, and we will thus review her challenge.  (That being said, we do not condone mother's approach — which she repeated in her briefing on appeal — of "throw everything against the wall and see what sticks.")

### C.　Relevant Law

¶ 15　An award of attorney fees is an important sanction against an attorney or party who improperly instigates or prolongs litigation. *City of Aurora v. Colo. State Eng'r,* 105 P.3d 595, 618 (Colo. 2005).

¶ 16　Section 13-17-102(4) authorizes a district court to award attorney fees if a party brought or defended an action that "lacked substantial justification."  The court must make findings explaining

6

why the conduct lacked substantial justification. *In re Marriage of Aldrich*, 945 P.2d 1370, 1379 (Colo. 1997); *cf. In re Marriage of Gomez*, 728 P.2d 747, 750 (Colo. App. 1986) (a conclusory statement that a claim is frivolous is an insufficient finding on which to support an attorney fees award under section 13-17-102(4)).

¶ 17　　A court awarding fees under this section must consider the factors listed in section 13-17-103(1):

> (a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;
>
> (b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;
>
> (c) The availability of facts to assist a party in determining the validity of a claim or defense;
>
> (d) The relative financial positions of the parties involved;
>
> (e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;
>
> (f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;

(g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;

(h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

¶ 18 A court need only address those factors relevant to the circumstances. *Aldrich,* 945 P.2d at 1378-79. If some of the factors are not at issue, the court is under no obligation to make specific findings with regard to those factors. *Anderson v. Pursell,* 244 P.3d 1188, 1197 (Colo. 2010). However, the court must make findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis of its order. *In re Marriage of Gibbs,* 2019 COA 104, ¶ 9.

¶ 19 Whether to award attorney fees lies within the district court's discretion, and we will not disturb such a decision absent an abuse of discretion. *Padilla v. Ghuman,* 183 P.3d 653, 662 (Colo. App. 2007).

D. Discussion

¶ 20 We disagree with mother's assertion that the magistrate made insufficient findings under section 13-17-103(1).

8

¶ 21    The order on appeal spanned eleven pages and contained detailed factual findings concerning the testimony and exhibits presented at the September 24, 2024, hearing.  The magistrate detailed mother's numerous filings since October 2022 and found that her filings were "duplicative, redundant[,] and vexatious."  The magistrate then made findings on each of the section 13-17-103(1) factors, to the extent that they were applicable.

¶ 22    For example, the magistrate found that, given mother's tendency to reassert issues that had been previously decided, mother had made no effort to reduce the number of claims being asserted in the proceeding.  § 13-17-103(1)(b).  Similarly, the magistrate found that the issues of fact that mother asserted were not reasonably in conflict, § 13-17-103(1)(f), and observed that, despite the court's prior warnings about her litigation conduct, mother had persisted with her additional filings, on which she generally had not prevailed, § 13-17-103(1)(e), (g).  Lastly, the magistrate found that each party earned over $30,000 per month.  § 13-17-103(1)(d).  Given these findings, we cannot say that we lack a clear understanding as to the magistrate's application of the section 13-17-103(1) factors.  *See Gibbs,* ¶ 9.

¶ 23     We also reject mother's suggestion that the magistrate made inadequate findings concerning the parties' respective financial resources under section 14-10-119, C.R.S. 2025.  That section, which governs attorney fee requests for purposes of "apportioning the costs and fees of an action equitably between the parties" in dissolution cases, *In re Marriage of Trout*, 897 P.2d 838, 840 (Colo. App. 1994), does not apply to an award of attorney fees under section 13-17-102, which serves to sanction substantially frivolous, substantially groundless, or substantially vexatious actions.  *See Aldrich*, 945 P.2d at 1377 ("Because dissolution proceedings under article 10, title 14 are civil, it is permissible for a district court to award attorney fees under section 14-10-119, section 13-17-102, or both.  However, . . . each statutory award of fees and costs serves a different policy purpose and consequently, requires different findings.").

¶ 24     Mother next suggests that the record did not support the magistrate's findings under section 13-17-103(1).  However, our review of mother's contentions is hampered by her failure to provide a transcript of the September 24, 2024, hearing.  Notably, mother included that transcript in a designation of transcripts she filed on

February 6, 2025 — twelve days before filing her petition for district court review of the attorney fee order; but it appears that such designation related to her appeal of the filing restriction order. The record does not reflect that mother provided that transcript to the district court that was reviewing the attorney fee order. Thus, notwithstanding mother's inclusion of that hearing transcript in the appellate record, her failure to provide it to the reviewing district court precludes us from considering it. *In re Marriage of Dean*, 2017 COA 51, ¶ 14. We are limited to the record that was before the district court. *See In re Marriage of Rivera*, 91 P.3d 464, 466 (Colo. App. 2004) (because its review was limited to the record considered by the district court, a division of this court only considered the party's legal arguments). And absent that transcript, we, like the district court, must presume that the evidence supported the magistrate's factual findings. *See In re Marriage of Beatty*, 2012 COA 71, ¶ 15.

¶ 25    Accordingly, we discern no basis to disturb those findings. *See Dean*, ¶ 14; *Rivera*, 91 P.3d at 466.

¶ 26    Mother also challenges some of the magistrate's findings under section 13-17-103(1) by referencing other, older portions of

11

the over 15,000-page record in the proceeding. However, "[a]rguments not presented at [the hearing] cannot be raised for the first time on appeal." *In re Marriage of Ensminger*, 209 P.3d 1163, 1167 (Colo. App. 2008). And in the absence of the transcript of the attorney fees hearing, *Dean*, ¶ 14, the record does not demonstrate whether mother properly presented the district court with the magistrate's challenged findings, such that she preserved that challenge for appellate review.

¶ 27 Moreover, consistent with the very practice that resulted in the attorney fee award that mother now appeals, she expends considerable time and effort in her appellate briefs attempting to relitigate other magistrate orders, such as rulings pertaining to the parties' respective financial disclosures, orders concerning child support, and an order prohibiting mother from communicating with third parties about the case. Those orders are not properly before us. *See* C.R.M. 7(a)(11); C.A.R. 4(a)(1); *Stockman*, 251 P.3d at 542. Similarly, to the extent mother seeks our review of her allegations of bias against the magistrate and misconduct on the part of father's counsel, she has not presented us with a timely appeal of any orders on those issues. *See* C.A.R. 3(d)(8) (requiring the notice of

appeal to append the order being appealed); *cf. In re Marriage of Evans*, 2021 COA 141, ¶ 11 ("Our jurisdiction is limited to review of final, appealable judgments or orders."). Thus, we decline to consider mother's attempts to challenge or otherwise relitigate these previously settled orders and issues.

¶ 28 We also reject mother's assertion that her numerous filings between October 2022 and September 2024 could not form the basis of an attorney fee award because they were meritorious. True, one of mother's appeals resulted in a reversal of the challenged court order. *In re Marriage of Zunker*, Colo. App. No. 24CA1180, May 1, 2025 (not published pursuant to C.A.R. 35(e)). But as the division in another of mother's appeals noted, her narrow success in that case was based on a purely procedural error, and the division expressed no opinion on the substantive merits of mother's contentions. *Zunker*, No. 25CA0123, slip. op. at ¶¶ 17-18. (Moreover, the reversal was based on a misapplication of the doctrine of issue preclusion, not on any "significant constitutional issue," as mother describes it.)

¶ 29 We also do not agree with mother that the magistrate improperly held mother's pro se status against her when awarding

father his attorney fees. The case cited by mother in support of her contention, *Wesp v. Everson*, 33 P.3d 191, 202 (Colo. 2001), has nothing to do with attorney fees or even pro se litigants. And we do not otherwise perceive as improper the magistrate's common-sense observation that, as a pro se party, mother had persisted with her numerous repetitive filings without concerns of cost, while significantly expanding the legal costs of father — who was represented by counsel — through those same filings.

¶ 30 Lastly, we decline to address the multiple new or expanded arguments presented for the first time in mother's reply brief, such as her contentions that her filings in the district court were constitutionally protected activity, that the magistrate failed to apply the heightened legal standard applicable to pro se parties before awarding father attorney fees,[3] and that the award of attorney fees was unconstitutionally punitive. *See Dean*, ¶ 31.

---

[3] We note, however, the magistrate's finding that mother had been repeatedly warned that her insistence on raising matters the court had already resolved against her may be deemed stubborn litigiousness that could result in an award of attorney fees and costs against her. *See* § 13-17-102(6), C.R.S. 2025 (requiring that, before awarding attorney fees as a sanction against a pro se party, the court must find that the pro se party knew or reasonably knew their filings were substantially frivolous, groundless, or vexatious).

## IV. Appellate Attorney Fees and Costs

¶ 31 Father requests an award of attorney fees under section 13-17-102, arguing that mother's appeal is substantially frivolous. Father also cites the division's opinion in *Zunker*, No. 25CA0123, slip op. at ¶¶ 27-28, which cautioned mother that her future noncompliance with the appellate rules could result in sanctions.

¶ 32 Even though this appeal concerns the magistrate's award of attorney fees against mother, mother begins the "Statement of the Case" in her opening brief as follows: "This appeal *challenges multiple rulings* in lengthy, multi-year litigation concerning an unconstitutional gag order, child support, discovery and disclosure of significant trust and business income, and attendant sanctions and attorney-fee [sic] awards." (Emphasis added.) And, as noted above and true to that description, mother dedicates significant effort to once again re-litigating the merits of long-settled issues, including the propriety of the initial restriction on her ability to file pro se, the calculation of father's income for child support purposes, the magistrate's evidentiary findings and rulings on disclosure disputes, and mother's attempts to disqualify the

magistrate from presiding over the case. Her attempts to tie these matters to the sole issue on appeal — the propriety of the attorney fees award — are perfunctory at best.

¶ 33   In short, mother's appeal continues the same course of behavior that led to the magistrate's fee award in the first place. As such, it, like the bulk of her filings over the past several years, is frivolous as argued. *See Rose L. Watson Revocable Trust v. BP America Prod. Co.*, 2014 COA 11, ¶¶ 25-26 (awarding appellate fees where a party "continue[d] to assert frivolous arguments even after courts ha[d] repeatedly declared that those arguments are frivolous"). We therefore grant father's request and, exercising our discretion under C.A.R. 39.5, remand to the district court for a determination of father's reasonable attorney fees incurred on appeal.

## V.   Disposition

¶ 34   The portion of mother's appeal challenging the magistrate's October 2020 order is dismissed. The district court's order denying mother's petition for review, which effectively adopted the magistrate's order awarding father attorney fees, is affirmed. The

16

case is remanded to the district court to determine and award father his reasonable appellate attorney fees and costs.

JUDGE WELLING and JUDGE LIPINSKY concur.